

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

The request is granted. The case is stayed pending the outcome of *Raimondo I*.

SO ORDERED.
/s/ Alvin K. Hellerstein
February 17, 2023

DIVISION OF SOCIAL JUSTICE
ENVIRONMENTAL PROTECTION BUREAU

February 16, 2023

**BY ECF**
Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>New York et al. v. Raimondo et al.</u>, No. 1:23-cv-00859

Dear Judge Hellerstein:

    I represent plaintiffs ("New York") in this action challenging: (a) a rule promulgated by defendants ("NMFS") to allocate commercial fishing quotas among the Atlantic states in the summer flounder fishery in 2023 ("2023 Specifications Rule"); and (b) a NMFS rule promulgated in 2020 that establishes the underlying formula used to set annual quotas in the fishery ("2020 Allocation Rule"). I write with NMFS's consent to request that this action be stayed pending the appeal in *New York v. Raimondo*, No. 1:21-CV-00304 (S.D.N.Y.), *appeal filed*, No. 22-1189 (2d Cir.) ("*Raimondo I*"), because the decision on appeal may resolve this action.

    In *Raimondo I*, New York challenged the 2020 Allocation Rule and a NMFS rule that applied the 2020 Allocation Rule to set state-by-state quotas for 2022 ("2022 Specifications Rule"). New York maintains that these rules are arbitrary, capricious, and contrary to multiple statutory standards under the Magnuson-Stevens Fishery Conservation and Management Act because they fail to reflect the significant shift of the summer flounder fishery northeast into New York and nearby waters. NMFS prevailed on cross-motions for summary judgment and New York has appealed to the Second Circuit. The appeal is fully briefed, and the parties are awaiting oral argument.

    In early January 2023, NMFS promulgated the 2023 Specifications Rule, which sets summer flounder quotas for 2023. In this new action (*Raimondo II*),

New York challenges the 2023 Specifications Rule, as well as the 2020 Allocation Rule upon which it is based, on the same grounds that it challenged the 2020 Allocation Rule and 2022 Specifications Rule in *Raimondo I*.

      Due to the short limitations period for judicial review under the Magnuson-Stevens Act, it was necessary for New York to file this challenge within 30 days of promulgation of the 2023 Specifications Rule.  *See* 16 U.S.C. § 1855(f)(1).  However, given the closely related claims in *Raimondo I* and *Raimondo II*, the parties agree that it would be unproductive to litigate this action while *Raimondo I* remains pending in the Second Circuit.

      Therefore, in the interest of conserving the parties' and the Court's resources, New York and NMFS request an order staying this case pending the outcome of *Raimondo I*.  If New York prevails in the appeal and *Raimondo I* is remanded to the District Court, then New York would seek to consolidate the two cases.  If NMFS prevails on appeal, then New York will voluntarily dismiss this case.

      Thank you for your attention in this matter.

      Respectfully submitted,

      /s/ Channing Wistar-Jones

      New York State Office of the Attorney General
      28 Liberty Street, 19th Floor
      New York, NY 10005
      (212) 416-8082
      channing.jones@ag.ny.gov

cc (by email):    Lucas Issacharoff, lucas.issacharoff@usdoj.gov
                      Dominika Tarczynska, dominika.tarczynska@usdoj.gov
                      *Counsel for Defendants*